UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STEPHANIE DUNBAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:13-CV-8-NAB |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

The following opinion is intended to be the opinion of the Court judicially reviewing the denial of Stephanie Dunbar's ("Dunbar") application for supplemental security income ("SSI") under the Social Security Act. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 9.] The Court has reviewed the parties' briefs and the entire administrative record, including the hearing transcript and the medical evidence. The Court has now heard oral argument on the pleadings of the parties and the Court now issues its ruling in this opinion.

**I.     Issues for Review**

Dunbar asserts that the administrative law judge ("ALJ") erred in determining her residual functional capacity ("RFC"), because the ALJ (1) improperly rejected the opinion of her treating physician Dr. Kenneth Li, (2) failed to provide medical evidence to support the RFC determination, and (3) improperly rejected Plaintiff's testimony. The Commissioner contends that substantial evidence on the record as a whole supports the ALJ's decision.

## II. Standard of Review

This Court reviews decisions of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). *See also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Therefore, even if a court finds that there is a preponderance of the evidence against the ALJ's decision, the ALJ's decision must be affirmed if it is supported by substantial evidence. *Clark v. Heckler*, 733 F.2d 65, 68 (8th Cir. 1984). To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

*Brand v. Sec'y of Dept. of Health, Educ. & Welfare*, 623 F.2d 523, 527 (8th Cir. 1980); *Cruse v. Bowen*, 867 F.2d 1183, 1184-85 (8th Cir. 1989). Additionally, an ALJ's decision must comply "with the relevant legal requirements." *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008).

**III.     Discussion**

Based on the evidence in the record as a whole, the Court finds that the ALJ's RFC determination is supported by substantial evidence and should be affirmed.

**RFC Determination**

RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 416.945(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis.[1]  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).  It is the ALJ's responsibility to determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and the claimant's own descriptions of his limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).  An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

In this case, the ALJ determined that Dunbar had the severe impairments of morbid obesity and sleep apnea. (Tr. 15.)  The ALJ found that Dunbar had the RFC to perform less than sedentary work, with the ability to lift and carry ten pounds frequently and occasionally; stand and/or walk two hours in an eight hour work day; and sit for six hours in an eight hour work day. (Tr. 16.)  Additionally, Dunbar could occasionally balance, stoop, crouch, kneel, crawl, and climb, but must avoid climbing ladders, ropes, and scaffolds and concentrated exposure to machinery and heights. (Tr. 16.)

---

[1] A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule. SSR 96-8p, 1996 WL 374184, at *1.

## A. Opinion Evidence

Dunbar contends that the ALJ "improperly rejected the opinion of her treating primary care physician, Dr. Kenneth Li. Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006). A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as a whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007). A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 416.927(c)(2); SSR 96-2p; *see also Hacker*, 459 F.3d at 937. "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000). "It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007). "The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if [the conclusions] are inconsistent with the record as a whole." *Id.*

In this case, Dr. Li treated Dunbar between April 2009 and October 2011. During this treatment period, Dr. Li diagnosed Dunbar with fungal dermatitis, morbid obesity, sleep apnea, ankle edema, hypothyroidism, depression, hypertension, and knee and back pain. (Tr. 273-275, 277-280, 315-330, 341-354.) Most of the visits were for the purpose of monitoring Dunbar's condition. (Tr. 277, 315, 341, 346, 350, 353.) On June 20, 2011, Dr. Li completed a Physical

Medical Source Statement, Medical Statement regarding Obesity, and Medical Statement regarding Sleep Disorders concerning Dunbar. (Tr. 356-357, 359, 361-362.)

In the Physical Medical Source Statement, Dr. Li opined that Dunbar could frequently lift or carry five pounds; occasionally lift or carry 10 pounds, stand and/or walk continuously without a break for less than fifteen minutes; stand and/or walk throughout an eight hour day for one hour; sit continuously at one time without a break for two hours; sit through an eight hour work day for four hours; with unspecified limited pushing and/or pulling. (Tr. 356.) Dr. Li also opined that Dunbar could never climb or kneel, but she could occasionally balance, stoop, finger, and feel. (Tr. 357.) Dr. Li stated that Dunbar should avoid any exposure extreme cold, heat, hazards, and heights and moderate exposure to wetness/humidity, dust, fumes, and vibration. (Tr. 357.) Dr. Li also stated that Dunbar would need to lie down or recline to alleviate symptoms during an eight hour work day.[2] (Tr. 357.)

The Medical Statement regarding Obesity indicated that Dunbar weighed 430 pounds, had significant arthritis in her knees and ankles and was unable to ambulate effectively. (Tr. 359.) The statement also indicated that Dunbar could work four hours per day, stand fifteen minutes at one time, could not stand in a work day, sit for two hours at one time and four hours total in a workday, frequently lift five pounds, and occasionally lift ten pounds, bend, stoop, balance, raise arms over shoulder level, tolerate heat, and occasionally need to elevate legs during an eight hour work day. (Tr. 359.) In the Medical Statement regarding Sleep Disorders, Dr. Li indicated that Dunbar had obstructive sleep apnea and mild to moderate excessive daytime

---

[2] Dr. Li's notes do not indicate how often Dunbar would need to lie down. The number four was written, but a duration period was not included. (Tr. 357.)

somnolence[3]. (Tr. 361-362.) Dr. Li also indicated that the daytime somnolence is so severe that it would prevent work. (Tr. 362.)

The ALJ stated that Dr. Li's opinion that Dunbar could only work four hours per day and not stand for any amount of time during the workday were not supported by objective diagnostic testing, medical treatment sought, medical treatment offered, clinical signs, medications prescribed, and admitted activities of daily living. (Tr. 19.) The ALJ noted that Dunbar has not received treatment from an orthopedic surgeon or neurosurgeon. (Tr. 19.) The ALJ also noted that the limits on sitting, standing, and walking are inconsistent with the fact that no spinal imaging has been ordered, no treatment by a specialist has been referred or taken place, no clinical signs of consistent spasm, and no analgesic narcotics are regularly prescribed. (Tr. 19.) Finally, the ALJ stated that the limitation to never kneeling is inconsistent with the lack of orthopedic treatment, the lack of knee surgery, and the lack of any medically determined need for knee imaging studies. (Tr. 20.)

The limitations in Dr. Li's medical statements indicate a significant disabling condition, but the medical evidence in the record does not support such a finding. First, none of Dr. Li's treatment notes support any finding that Dunbar cannot stand for any length of time. Although, there is evidence in the record that Dunbar experienced edema and muscle pain, the medical records also show that she had normal gait and posture and could bear weight on both legs. (Tr. 269, 329, 331, 333, 336, 343, 347, 352.) Second, there is no evidence in the record that she is using an assistive device to help with standing. *See Perkins v. Astrue*, 648 F.3d 892, 898-899 (8th Cir. 2011) (appropriate for ALJ to consider claimant's conservative treatment and lack of assistive device). Third, Dr. Li's management of Dunbar's muscle pain consisted of regularly prescribing ibuprofen, a non-narcotic pain medication, and prescribing Flexiril twice.

---

[3] Somnolence is an "inclination to sleep" or "sleepiness." Stedman's Medical Dictionary 1656 (27th ed. 2000).

Conservative treatments can be considered inconsistent with disabling pain. *See Moore v. Astrue*, 572 F.3d 520, 525 (8th Cir. 2009) (treatment of back pain with limited use of prescription medication and over-the-counter Tylenol inconsistent with disabling plan). Fourth, Dunbar's most recent medical records show that Dr. Li advised her to participate in water aerobics, regularly exercise, lose weight, follow a low fat diet, and receive a diet consultation. (Tr. 317, 318, 377, 381.) Such directions are inconsistent with the severe restrictions listed in Dr. Li's medical statements. *See Moore*, 572 F.3d at 524 (a lack of functional restrictions on the claimant's activities is inconsistent with a disability claim, where the claimant's treating physician is recommending increased physical exercise); *Guillams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005) (physician's opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies). Fifth, the RFC included some of the restrictions contained in Dr. Li's medical statements, including occasionally lifting 10 pounds, and occasionally crawling, bending, stooping, and balancing. The ALJ only found that the objective medical findings did not support that Dunbar was unable to stand at all during the workday or could not work more than four hours in a day. (Tr. 19.) A polysomnogram report in October 2010 noted that her mild obstructive sleep apnea was resolved with the use of the continuous positive airway pressure ("CPAP") machine. (Tr. 303.) There is no evidence that Dr. Li prescribed any other treatment to deal with Dunbar's alleged sleepiness during the daytime. Finally, the ALJ is "permitted to disregard [Dr. Li's] conclusory statement, unsupported by the objective medical evidence" that the combination of Dunbar's morbid obesity and sleep apnea with daytime somnolence would "render her unable of gainful fulltime employment." *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012). The ultimate determination of disability is reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d). The

ALJ gave good reasons for partially discounting Dr. Li's opinion and the reasons are supported by substantial evidence in the record as a whole.

B.   **Medical Evidence to Support the RFC Determination**

Next, Dunbar contends that the ALJ failed to provide medical evidence to support the RFC determination. The Court disagrees. Although the ALJ's decision discusses Dr. Li's treatment records in detail, this was not improper, because the overwhelming majority of the medical records are Dr. Li's treatment records. The ALJ's decision thoroughly discusses the medical evidence in the record that supports the RFC determination.

During oral argument, Dunbar's counsel asserted that the ALJ did not explicitly provide the weight given to the opinion of Dr. Li. Dunbar is correct that the ALJ decision does not provide the weight given to Dr. Li's opinion, although it is clear the ALJ gave some weight to the opinion by incorporating some of Dr. Li's limitations into the RFC. The Court agrees that the parties should not have to infer what weight is given to a treating physician's opinion, however, a deficiency in opinion writing does not require reversal. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996.) ("An arguable deficiency in opinion-writing technique is not a sufficient reason for setting aside an administrative finding where the deficiency probably has no practical effect on the outcome of the case.") Therefore, the Court finds that the RFC determination is supported by substantial evidence in the record as a whole.

C.   **Credibility Determination**

Finally, Dunbar contends that the ALJ erred in assessing her credibility. In considering subjective complaints, the ALJ must fully consider all of the evidence presented, including the claimant's prior work record, and observations by third parties and treating examining physicians relating to such matters as:

> (1) The claimant's daily activities;
>
> (2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) Any precipitating or aggravating factors;
>
> (4) The dosage, effectiveness, and side effects of any medication; and
>
> (5) The claimant's functional restrictions.

*Polaski v. Heckler*, 725 F.2d 1320, 1322 (8th Cir. 1984). It is not enough that the record contains inconsistencies; the ALJ is required to specifically express that he or she considered all of the evidence. *Id.*

In this case, the ALJ stated that the objective findings were inconsistent with Dunbar's allegations and no clinical signs supported a more restrictive residual functional capacity. (Tr. 18.) The ALJ found that Dunbar's treatment record and daily activities were also inconsistent with her allegations. (Tr. 20.) Dunbar states that the ALJ improperly rejected her testimony for the same reasons that Dr. Li's opinion was rejected. The Court has already determined that the ALJ did not err in analyzing Dr. Li's testimony. Moreover, the ALJ did not improperly discredit Dunbar's credibility. As stated in more detail above, it is clear that Dunbar has some restrictions in her functioning, however, she did not carry her burden to prove a more restrictive RFC determination. *See Pearsall*, 274 F.3d at 1217 (it is the claimant's burden, not the Social Security Commissioner's burden, to prove the claimant's RFC).

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Doc. 1, 12.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 29th day of January, 2014.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE